## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | |
|---|---|
| THERESSA C. LEVINE, on behalf of herself and all others similarly situated, | CIVIL COMPLAINT |
| Plaintiff, | CASE NO. 1:21-cv-00278 |
| v. | DEMAND FOR JURY TRIAL |
| MIDLAND CREDIT MANAGEMENT, INC., | |
| Defendant. | |

### CLASS ACTION COMPLAINT

NOW COMES Plaintiff, by and through attorney James C. Vlahakis, and submits the following claims against Defendant pursuant to Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*

### I.  Jurisdiction, Parties and Venue

1.      Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors" and "to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

2.      Subject matter jurisdiction is conferred upon this Court by Section 1692k(d) of the FDCPA as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.      Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

4.      Plaintiff is a citizen of the State of Texas and resides in this judicial district.

5.     Defendant MIDLAND CREDIT MANAGEMENT, INC. ("MCM" or "Defendant"), is a California based debt collector and otherwise licensed to collect debts within the State of Texas.

6.     MCM can be served at its headquarters at 350 Camino de la Reina, Suite 300, San Diego, California 92108.

7.     MCM's principal purpose is the collection of past-due and defaulted debts owed by natural persons to others where the debts were incurred primarily for personal, family or household purposes. MCM uses the mails, telephone, the internet and other instruments of interstate commerce to collect consumer debts.

8.     For example, Defendant acted as debt collector as defined by § 1692a(6) of the FDCPA by causing form collection letters to be sent to Plaintiff's residential address in this district to collect a "debt" allegedly incurred in relation to a Synchrony Bank issued credit card (hereafter the "Subject Debt").

9.     As detailed below, Defendant used a third-party mail vendor to mail form/template collection letters to Plaintiff where the letters were mailed to Plaintiff in an attempt to collection the Subject Debt.

10.     Venue is proper pursuant to 28 U.S.C. §1391 because Defendant conducts substantial debt collection business in this judicial district.

## II. Summary of the FDCPA

11.     Section 1692 of the FDCPA contains "Congressional findings" and a "declaration of purpose".

12.     Section 1692 states as follows:

**(a) Abusive practices**
There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of

personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

**(b) Inadequacy of laws**

Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

**(c) Available non-abusive collection methods**

Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

**(d) Interstate commerce**

Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

**(e) Purposes**

It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

*See*, 15 U.S.C. § 1692.

13.    One purpose of the FDCPA was to address "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a).

14.    In enacting the FDCPA, Congress determined that "[a]busive debt collection practices contribute to" societal harms, including increasing "the number of personal bankruptcies," "marital instability," "the loss of jobs," and "invasions of individual privacy." 15 U.S.C. § 1692(a).

15.    Congress determined that "[e]xisting laws … are inadequate to protect consumers" and that "[m]eans other misrepresentation or other abusive debt collection practices are available for the effective collection of debts." 15 U.S.C. §§ 1692(b)-(c).

16.     The FDCPA provides that "[m]eans other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts." 15 U.S.C. § 1692(c).

17.     Congress enacted the FDCPA to protect ethical debt collectors from being competitively disadvantaged by debt collectors who do not abide by the prohibitions set forth by the FDCPA. 15 U.S.C. § 1692(e).

18.     The FDCPA's statutory findings explicitly identify "invasions of individual privacy" as one of the harms against which the statute is directed. 15 U.S.C. § 1692(a).

### III. Defendant's Collection Activities

19.     Plaintiff is a "consumer" as defined by § 1692a(3) of the FDCPA because Defendant regarded Plaintiff as being a natural person obligated or allegedly obligated to pay the Subject Debt.

20.     The Subject Debt is a "debt" as defined by § 1692a(5) of the FDCPA because Defendant regarded the Subject Debt as an obligation or alleged obligation to pay money arising out of a transaction in which the money, property, or services were incurred for personal, family, or household purposes.

21.     Plaintiff intended to pay off the Subject Debt but financial circumstances prevented Plaintiff from paying off the Subject Debt when the Subject Debt was still owned by the original creditor.

22.     MCM used a third-party vendor to mail dunning letters to Plaintiff's address in this judicial district where the dunning letters were dated December 30, 2020 and February 10, 2021 (hereafter "MCM's Collection Letters").

23.     MCM's Collection Letters claimed that Plaintiff owed the Subject Debt.

24.     MCM's Collection Letters were an attempt to collect the Subject Debt.

25.     MCM's Collection Letters were a "communication" as defined by § 1692a(2) of the FDCPA because the collection was a means the conveying of information regarding the Subject Debt.

26.     Defendant is not entitled to compel arbitration pursuant to the court's holding in *Ramirez v. Midland Funding, LLC*, 2019 U.S. Dist. LEXIS 104038, *4-8, *14-*15, 2019 WL 2568478 (N.D. Ill. June 21, 2019) (denying debt collector's motion to compel arbitration involving Synchrony Bank issued debts).

## COUNT I

### Class Action based Violations of § 1692c(b) Resulting From Defendant's Sharing of Plaintiff's Personal Information and Status as a Debtor

27.     Plaintiff, repeats and re-alleges Paragraphs 1-26 as though fully set forth.

28.     MCM used a third-party vendor to mail the subject Collection Letters and other collection letters.

29.     MCM's Collection Letters were a "communication" as defined by § 1692a(5) of the FDCPA because the collection was a means the conveying of information regarding the Subject Debt.

30.     In using a form/template collection letter, MCM caused Plaintiff's name, address, the name of the creditor, the amount owed, the so-called "transaction date", account number for the creditor and MCM's referenced number to be inserted into form/template collection letter.

31.     MCM's operating system/software involves sending a debtor/consumer's demographic information, as well as the existence and the amount of the debt, to MCM's third-party letter vendor for the purpose of causing the letter vendor to merge this information into letter templates that MCM uses to collect consumer debts.

32.     Plaintiff did not consent to MCM communicating Plaintiff's personal information and Plaintiff's status as an alleged debtor with MCM's letter vendor.

33.     Sharing personal information of a consumer with third-parties violates Section 1692c(b) of the FDCPA. *See, Hunstein v. Preferred Collection and Management Services, Inc.*, 994 F.3d 1341 (11th Cir. April 21, 2021).

34.     Section 1692c(b) of the FDCPA, titled "Communication with third parties," with very limited exceptions, prohibits debt collectors from disclosing to third-parties that a "consumer" is obligated to pay debt to a creditor communicated to third-parties without consent of the consumer. *See, Hunstein v. Preferred Collection & Mgmt. Servs.*, 994 F.3d 1341, 2021 U.S. App. LEXIS 11648 (11th Cir. 2021).

35.     Section 1692c(b), entitled "Communication with third parties," states as follows:

> Except as provided in section 1692b of this title, <u>without the prior consent of the consumer *given directly to the debt collector*</u>, ... a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b) (emphasis supplied).

36.     Section 1692b provides as follows:

Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall—
> (1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;
> (2) not state that such consumer owes any debt;
> (3) not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information;
> (4) not communicate by post card;
> (5) not use any language or symbol on any envelope or in the contents of any communication effected by the mails or telegram that indicates that the debt collector is in the debt collection

> business or that the communication relates to the collection of a debt; and
>
> (6) after the debt collector knows the consumer is represented by an attorney with regard to the Subject Debts and has knowledge of, or can readily ascertain, such attorney's name and address, not communicate with any person other than that attorney, unless the attorney fails to respond within a reasonable period of time to communication from the debt collector.

15 U.S.C. § 1692b.

37.     Section 1692b relates to the manner in which a debt collector may lawfully communicate "with any person *other than the consumer* for the purpose of acquiring location information." 15 U.S.C. § 1692b (emphasis supplied).

38.     Section 1692a(7) defines the term "location information" to mean "a consumer's place of abode and his telephone number at such place, or his place of employment".

39.     Defendant's transmission of Plaintiff's personal information and Plaintiff's status as a debtor to Defendant's letter vendor did not constitute an attempt to obtain "location information" related to Plaintiff.

40.     "[I]nvasions of personal privacy have been regarded as a valid basis for tort suits in American courts." *Hunstein,* 2021 U.S. App. LEXIS 11648 at *8 (citing *Pavesich v. New England Life Ins. Co.*, 122 Ga. 190, 50 S.E. 68 (1905); *Munden v. Harris*, 153 Mo. App. 652, 134 S.W. 1076 (1911); *Kunz v. Allen*, 102 Kan. 883, 172 P. 532 (1918)).

41.     "[T]he existence of a right of privacy is now recognized in the great majority of the American jurisdictions that have considered the question." *Id.* (quoting Restatement (Second) of Torts § 652A cmt. a. (Am. Law Inst. 1977)).

42.     "[T]he term 'invasion of privacy' comprises an identifiable family of common-law torts—including, most relevantly here, 'public disclosure of private facts.' Invasion of Privacy, Black's Law Dictionary 952 (10th ed. 2014)." *Id.* at *8-*9.

43.     "It is hornbook law that '[o]ne who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of his privacy, if the matter publicized is of a kind that (a) would be highly offensive to a reasonable person, and (b) is not of legitimate concern to the public.' Restatement (Second) of Torts § 652D (1977)." *Id.* at *9.

44.     "[T]he Supreme Court itself has recognized 'the individual interest in avoiding disclosure of personal matters' and has recognized that 'both the common law and the literal understandings of privacy encompass the individual's control of information concerning his or her person.'" *Id.* (quoting *United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 763, 109 S. Ct. 1468, 103 L. Ed. 2d 774 (1989) (citation and quotation marks omitted)).

45.     The tort of "invasion of privacy" comprises an identifiable family of common-law torts—including, most relevantly here, "public disclosure of private facts." INVASION OF PRIVACY, BLACK'S LAW DICTIONARY 952 (10th ed. 2014). It is hornbook law that "[o]ne who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of his privacy, if the matter publicized is of a kind that (a) would be highly offensive to a reasonable person, and (b) is not of legitimate concern to the public." RESTATEMENT (SECOND) OF TORTS § 652D (1977). *See also*, 77 C.J.S. RIGHT OF PRIVACY AND PUBLICITY § 32; 62A AM. JUR. 2D PRIVACY § 79.

46.     Texas law recognizes torts for the invasion of privacy by disclosure of public facts and intrusion into the private affairs of natural persons. *See, e.g., Doe v. Mobile Video Tapes, Inc.,* 43 S.W.3d 40, 48-49 (Tex. App.-Corpus Christi 2001).

47.    As discussed above and below, Defendant violated Section 1692c(b) when it used a third-party vendor to mail the December 30, 2020 and February 10, 2021 Collection Letters to Plaintiff.

48.    Defendant violated Section 1692c(b) when it used a third-party vendor to mail the December 30, 2020 and February 10, 2021 Collection Letters to Plaintiff because by using a third-party vendor to mail out the letters, Defendant disclosed Plaintiff's personal contact information and information identifying the Subject Debt to Defendant's letter vendor.

49.    MCM's transmittal of Plaintiff's personal information, Plaintiff's purported status as a debtor relative to a debt allegedly owed to Synchrony Bank, and the amount of the Subject Debt to Defendant's letter vendor constitutes a "communication" within the meaning of Section 1692a(2), which defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2).

50.    Defendant's use of a third-party letter vendor to merge Plaintiff's demographic data and status as a debtor into Defendant's form collection letters for the purpose of printing and mailing the December 30, 2020 and February 10, 2021 Collection Letters to Plaintiff violated Section 1692c(b).

51.    MCM's disclosure of Plaintiff's personal information and Plaintiff's status as a purported debtor posed a material risk of harm to the privacy interests protected by the FDCPA.

52.    MCM's disclosures of Plaintiff's personal information and status as a purported debtor to its third-party letter vendor violated Plaintiff's right to privacy that was recognized by Congress when it enacted the FDCPA.

53.    MCM's transmittal of Plaintiff's personal information and information identifying the Subject Debt to its letter vendor was not done in an attempt to comply with Section 1692b.

54.    MCM's disclosure to its letter vendor of Plaintiff's personal information and Plaintiff's purported status as a person owing the Subject Debt violated Section 1692c(b)'s prohibition on disclosure of debtor information to third-parties.

55.    Section 1692c(b) bears a close relationship to a privacy invasion that American courts have long recognized as cognizable.

56.    Congress's judgment indicates that violations of Section 1692c(b) constitute a concrete injury.

57.    As set forth above, MCM's disclosures to its third-party letter vendor (of Plaintiff's personal information and status as a purported debtor) caused Plaintiff to suffer from embarrassment, aggravation and emotional distress.

58.    Accordingly, Plaintiff has standing to sue MCM for its improper and unlawful disclosure of Plaintiff's personal information and status as a debtor to third-party letter vendors.

59.    The claims asserted in this Count satisfy the elements of FRCP 23(a)(1)-(4) and FRCP 23(b)(3).

60.    The proposed class encompasses:

   (a) all consumers with mailing addresses located within this judicial district;

   (b) where Defendant utilized form collection letters for the purposes of attempting to collect to a consumer based debt allegedly owed in relation to Synchrony Bank branded credit cards;

   (c) where Defendant used a third-party letter vendor to transmit the collection letters; and

   (d) Defendant's use of a third-party letter vendor resulted in Defendant sending the demographic information of the subject

consumers as well as their status as alleged debtors to the letter vendor in violation of Section 1692c(b) of the FDCPA.

61.     The proposed class is limited to one year prior to the filing of the Complaint until such time as Defendant ceases the offending conduct.

62.     Should the proposed class not result in sufficient members for numerosity, Plaintiff reserves the right to enlarge the scope of the proposed class to include all consumers with Texas based addresses as well as sub-paragraphs (b), (c) and (d) of Paragraph 60.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in Plaintiff's favor and against Defendant MCM as follows:

   a.  Declaring that the practices complained of herein are unlawful;

   b.  Awarding Plaintiff and class members statutory damages of $1,000.00 as provided under 15 U.S.C. §§ 1692k(a)(2)(A) and 1692k(a)(2)(B);

   c.  Awarding Plaintiff actual damages as provided by 15 U.S.C. §1692k(a)(1);

   d.  Awarding Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k(a)(3).

## COUNT II

**Individual Violations of §§ 1692e, e(2)(A), and e(10) Resulting From Defendant's Use of the Words "TIME SENSITIVE DOCUMENT" and "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED" on the Subject Envelopes**

63.     Plaintiff, repeats and re-alleges Paragraphs 1-26 as though fully set forth.

64.     In order to gain a competitive advantage over other debt collectors, and in defiance of the prohibitions set forth by Section 1692f(8) of the FDCPA, MCM uses third party vendors to mail collection letters to consumers like Plaintiff where the subject envelopes are marked with the words "**TIME SENSITIVE DOCUMENT**" or "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED".

65.     The competitive advantage that MCM gains by using envelopes marked with the words "**TIME SENSITIVE DOCUMENT**" or "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED" is that Defendant knows that consumers are more likely to open the envelopes marked with these words than plain envelopes that do not contain these words.

66.     MCM knows that by enclosing collection letters inside of envelopes marked with the words "**TIME SENSITIVE DOCUMENT**" or "IMPORTANT DOCUMENT ENCLOSED, ATTENTION REQUESTED", consumers are more likely read the enclosed letter and pay the subject debt – than if the letter was sent in a plain envelope.

67.     MCM knows that by enclosing collection letters inside of envelopes marked with the words "**TIME SENSITIVE DOCUMENT**" or "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED", consumers are more likely read the enclosed letter and call Defendant regarding the consumer's debt.

68.     For example, MCM's Collection Letters informed Plaintiff that she could only take advantage of a certain discounted payment option is Plaintiff called a designated telephone number.

69.     MCM knows that enclosing collection letters inside of envelopes marked with the words "**TIME SENSITIVE DOCUMENT**" or "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED" leads to increased connections with consumers in comparison to when MCM causes collection letters to be mailed inside of plain envelopes.

70.     MCM has determined that it collects more money from consumers when it sends letters enclosed within envelopes marked with the words, "**TIME SENSITIVE DOCUMENT**" and "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED" in

comparison to when MCM causes collection letters to be mailed inside of plain envelopes.

71.     MCM has determined that it collects more money from consumers when it sends letters enclosed within envelopes marked with the words, "**TIME SENSITIVE DOCUMENT**" and "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED", notwithstanding the fact that Section 1692f(8) of the FDCPA prohibits this type of wording.

72.     As discussed above, MCM has caused numerous collection letters to be sent to Plaintiff in an attempt to collection the Subject Debt.

73.     To the best of Plaintiff's recollection, at least one or more of the collection letters were mailed to Plaintiff inside of envelopes that contained the words "**TIME SENSITIVE DOCUMENT**" on its exterior in bold font.

74.     To the best of Plaintiff's recollection, at least one or more of the collection letters were mailed to Plaintiff inside of envelopes that contained the words "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED" on its exterior in embossed (raised) lettering.

75.     When Plaintiff observed the words "**TIME SENSITIVE DOCUMENT**" and "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED", Plaintiff's attention was immediately drawn to these words.

76.     Reading the words "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED" caused Plaintiff to worry about the contents of the enclosed collection letter, as Plaintiff was concerned to learn why the "IMPORTANT" nature of the enclosed collection letter and why Defendant wrote "ATTENTION REQUESTED" on the face of the envelope.

77.     As a result of the "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED" disclosure on the face of the subject envelopes, Plaintiff immediately opened the collection letter to learn why Defendant designated the enclosed collection letter as being an "IMPORTANT DOCUMENT" which required Plaintiff's "ATTENTION".

78.     The above response was consistent with MCM's intentions.

79.     After Plaintiff opened the so-called "IMPORTANT DOCUMENT" envelope, Plaintiff became frustrated and distressed because Plaintiff did not understand how the words of the enclosed letter were more or less "IMPORTANT" that prior letters sent by Defendant inside of plain envelopes.

80.     Reading the words "**TIME SENSITIVE DOCUMENT**" caused Plaintiff to worry about the contents of the enclosed letter, as Plaintiff was concerned about the so-called "**TIME SENSITIVE**" nature of the enclosed collection letter.

81.     As a result of the "**TIME SENSITIVE DOCUMENT**" disclosure on the face of the subject envelopes, Plaintiff immediately opened the collection letter to determine why Defendant designated the enclosed collection letter as being "**TIME SENSITIVE**".

82.     Plaintiff's response was consistent with MCM's intentions.

83.     After Plaintiff opened the so-called "**TIME SENSITIVE DOCUMENT**" envelope, Plaintiff became frustrated and distressed because Plaintiff did not understand how the words of the enclosed letter were more or less "**TIME SENSITIVE**" that prior letters sent by Defendant inside of plain envelopes.

84.     To embarrass Plaintiff and cause Plaintiff to pay the Subject Debt, MCM used the words "**TIME SENSITIVE DOCUMENT**" and "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED" on envelopes because it knew that third-parties would recognize Defendant's return and understand that the enclosed letters related to discharged debts.

85.    None of MCM's collection letters contained truly "**TIME SENSITIVE**" materials or disclosures because it is MCM's practice to continually offer similar discounted payment options – but this was not immediately known to Plaintiff when Plaintiff read the envelopes or the enclosed letters.

86.    None of MCM's Collection Letters contained "IMPORTANT" materials or disclosures because it is MCM's practice to continually offer similar discounted payment options – but this was not known to Plaintiff when she read the envelopes or the enclosed letters.

87.    For example, MCM's Collection Letters (and earlier collection letters) offered discounted payment options under a heading labeled "Choose the Option That Works for You," but the repeated discounted payment options offered were not time-sensitive in nature.

88.    As a result of MCM's purposeful and knowing conduct, Plaintiff suffered concrete harm as a result of MCM's actions, in the form of confusion, aggravation, embarrassment and emotional distress.

89.    Plaintiff was further subjected to deceptive and misleading conduct by MCM, which materially impacted and shaped Plaintiff's reaction and course of conduct in response to MCM's collection efforts.

90.    MCM's unlawful use of the words "**TIME SENSITIVE DOCUMENT**" and "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED" on its envelopes created a false sense of urgency for Plaintiff who was struggling to pay down Plaintiff's debts after encountering financial difficulties beyond Plaintiff's control.

91.    Further, MCM's unlawful use of the words "**TIME SENSITIVE DOCUMENT**" and "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED" on its envelopes caused third-parties to realize that Plaintiff owed money to a debt collector

where the envelope, based upon the specific words chosen by Defendant, informed third-parties that Plaintiff owed a debt that was "**TIME SENSITIVE**" in nature or where an "IMPORTANT DOCUMENT [WAS] ENCLOSED" and/or that the enclosed collection letter required Plaintiff's "ATTENTION".

92.     As a result of Defendant using the words "**TIME SENSITIVE DOCUMENT**" and "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED", on more than one occasion, Plaintiff attempted to collect funds necessary to pay down the Subject Debt – at the expense of not paying down a debt that was in fact more "**TIME SENSITIVE**" and/or "IMPORTANT" than the Subject Debt.

93.     MCM's conduct also posed a material risk of harm to the interests protected by the FDCPA, including Plaintiff's interest in receiving truthful and accurate information regarding MCM's collection efforts,

94.     MCM's conduct also violated one of the FDCPA's identified interests in ensuring that otherwise compliant debt collectors are not disadvantaged in the marketplace through unlawful conduct.

95.     Defendant's actions only served to stress out and embarrass Plaintiff and force Plaintiff to open the subject envelopes to increase the likelihood with which MCM would be able to obtain payment from Plaintiff.

96.     The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

97.     Defendant violated §1692e when it used deceptive means to collect and/or attempt to collect the subject debt. Specifically, it was deceptive for Defendant to implicitly represent that it could include the words "**TIME SENSITIVE DOCUMENT**"

and "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED" printed on an envelope containing a collection letter that was not inherently time-sensitive in nature.

98.     Section 1692e(2) of the FDCPA prohibits a debt collector from engaging in any "false representation of – (A) the character, amount or legal status of any debt[.]"

99.     Defendant engaged in a "false representation" when it included the words "**TIME SENSITIVE DOCUMENT**" and "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED" on envelopes that were used to mail collection letters that were not inherently time-sensitive in nature.

100.    For the above reasons, Defendant's practice of using envelopes marked with the words "**TIME SENSITIVE DOCUMENT**" and "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED" constituted an false representation - in conjunction with the enclosed collection letters – where the letters were not inherently time-sensitive in nature - and accordingly,  Defendant's transmission of the collection letters in this manner violated § 1692e(2)(A).

101.    Section §1692e(10) prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt.

102.    Defendant violated § 1692e(10) when it used deceptive means to collect and/or attempt to collect the subject debt.

103.    Specifically, it was deceptive for Defendant to mark envelopes with the words "**TIME SENSITIVE DOCUMENT**" and "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED" where the envelopes were used to mail collection letters that were not inherently time-sensitive in nature.

104.    The FDCPA specifically prohibits debt collectors from including this type of language on its envelopes, thus Defendant acted deceptively by including it in clear violation of the FDCPA.

105.    For the above reasons, Defendant's practice of using envelopes marked with the words "**TIME SENSITIVE DOCUMENT**" and "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED" constituted a false, deceptive, or misleading representation or means in connection with the collection of the subject debt where the enclosed collection letters were not inherently time-sensitive in nature - and accordingly, Defendant's transmission of the collection letters in this manner violated §§ 1692e, e(2)(A), and e(10).

106.    Any potential statute of limitations issue relative to Section 1692k(d) is negated by the prior filing of putative class actions against MCM where the putative class actions challenged MCM's use of envelopes marked with the words "**TIME SENSITIVE DOCUMENT**" and/or "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED".

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in Plaintiff's favor and against Defendant MCM as follows:

a.    Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.    Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c.    Awarding Plaintiff actual damages as provided by 15 U.S.C. §1692k(a)(1);

d.    Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e.    Enjoining Defendant from further contacting Plaintiff.

## COUNT III

**Individual Violations of §§ 1692f and f(8) of the FDCPA Resulting From Defendant's Use of the Words "TIME SENSITIVE DOCUMENT" and "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED" on the Subject Envelopes**

107.   Plaintiff, repeats and re-alleges Paragraphs 1-26 and 64-104 as though fully set forth.

108.   Section 1692f of the FDCPA provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

109.   Section 1692f(8) of the FDCPA expressly prohibits debt collectors from "[u]sing any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer" by mail.

110.   As discussed above in Count II, MCM attempted to collect the Subject Debt by causing the words "**TIME SENSITIVE DOCUMENT**" and "IMPORTANT DOCUMENT ENCLOSED, ATTENTION REQUESTED" to be printed on the envelopes that were used to mail MCM's collection letters.

111.   As discussed above in Count II, MCM's use of the subject envelopes in conjunction with mailing collection letters to Plaintiff violated 15 U.S.C. § 1692f.

112.   MCM's use of the subject envelopes violated 15 U.S.C. § 1692f(8).

113.   Any potential statute of limitations issue relative to Section 1692k(d) is negated by the prior filing of putative class actions against MCM where the putative class actions challenged MCM's use of envelopes marked with the words "**TIME SENSITIVE DOCUMENT**" and/or "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED".

114.   Section 1692f(8) bears a close relationship to a privacy invasion that American courts have long recognized as cognizable.

115.   Congress's judgment indicates that violations of Section 1692f(8) constitute a concrete injury.

116.   Plaintiff recognizes that the Fifth Circuit in *Goswami v. American Collections Enterprise*, 377 F.3d 488 (5th Cir. 2004) applied a so-called "benign language" exception to interpretations of Section 1692f(8). Plaintiff, however, intends to ask the Fifth Circuit to revisit its decision.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in Plaintiff's favor and against Defendant MCM as follows:

    a.   Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b.   Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

    c.   Awarding Plaintiff actual damages as provided by 15 U.S.C. §1692k(a)(1);

    d.   Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

    e.   Enjoining Defendant from further contacting Plaintiff.

### COUNT IV:
**Individual Violations of Tex. Fin. Code Ann. § 392.304(a)(19) Resulting From Defendant's Use of the Words "Time Sensitive Document" and "Important Document Enclosed Attention Requested" on the Subject Envelopes**

117.   Plaintiff, repeats and re-alleges Paragraphs 1-80 as though fully set forth herein.

118.   Section 392.304 prohibits debt collectors from using "fraudulent, deceptive, or misleading representation[s]" in the collection of consumer debts.

119.   Sub-Section (19) prohibits debt collectors from using any "false representation or deceptive means to collect a debt or obtain information concerning a consumer".

120.   For the above reasons, Defendant's practice of using envelopes marked with the words "**TIME SENSITIVE DOCUMENT**" and "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED" constituted a false, deceptive, or misleading representation or means in connection with the collection of the subject debt where the enclosed collection letters were not inherently time-sensitive in nature.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in Plaintiff's favor and against Defendant MCM as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Awarding Plaintiff injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);
c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);
d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations; and
e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b).

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demand a trial by jury of any and all issues in this action so triable of right.

Respectfully submitted,

**Counsel for Plaintiff**

Dated: June 5, 2021

*/s/ James C. Vlahakis*
James C. Vlahakis
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Suite 200
Lombard, IL 60148
Phone: (630) 575-8181
jvlahakis@sulaimanlaw.com